## T. J. WALKER v. J. M. PHILLIPS.

Suit by indorsee was brought against maker of the following instrument: "I promise to pay M. $172 when I collect a note received from him on T." The petition averred that the contingency mentioned in the instrument had happened. Defendant answered that at the date of the instrument sued on, M., the payee, was indebted to him, and in-

dorsed to him the note on T., which was for an amount greater than the debt, and the instrument sued on was executed by defendant for the excess; that only one-third of the note on T. had yet been collected; that M., the plaintiff's assignor, was a guarantor of the note on T., and if he, M., had taken up that note by a payment of less than its amount, he had done so in fraud of defendant's rights, etc. But the proof showed that prior to M.'s indorsement to plaintiff of the instrument sued on, the defendant transferred the note on T. to another person, who sued T. as maker and M. as indorser of it, and that M. had compromised the suit and had taken up the note by paying the defendant's assignee about one-third of its amount. *Held*, that the defendant's transfer of the note on T., and M.'s adjustment of that note with the owner of it, constituted such an occurrence of the contingency specified in the instrument sued on as to make the latter due and payable according to its terms and import.

APPEAL from Fayette. Tried below before the Hon. J. P. Richardson.

The material facts are indicated by the opinion and the head-note.

*Moore & Ledbetter*, for the appellant.

*Chandler, Carleton & Robertson*, for the appellee.

OGDEN, J.—The appellee brought his suit in the district court in 1868, against the appellant, on the following instrument in writing, viz.:

"I promise to pay William J. Morgan, or bearer, the sum of $172, when I collect a note I received from him on William Talbot and John H. Gibson, dated November 28, 1860. This is to draw ten per cent. interest until paid, from this date, August 8, 1862.

(Signed)          "T. J. WALKER."

The plaintiff alleges in his petition, that for a valuable consideration, William J. Morgan, on the twenty-sixth day of September, 1868, transferred the instrument sued on to him, by the following indorsement:

"I hereby certify that I have taken up the note on

50—XXXV

John Gibson, which makes this note due, and I now transfer this to J. M. Phillips, without recourse on me;" and he claims that the note is still due and unpaid.

The defendant alleges in his answer, that on the date of the instrument sued on, he had a settlement with William J. Morgan, which showed said Morgan indebted to him in a large sum of money; and that to settle the same, Morgan transferred by indorsement, to him, the note on Talbot and Gibson, which note overpaid him to the amount of $172, and for which sum he executed to Morgan the note sued on. Defendant claims that the Talbot and Gibson note has never been paid, with the exception of $600, and that there is a large sum still due and unpaid on the same; and that, therefore, the note sued on is not due, according to the terms of the same.

It appears from the evidence that T. J. Walker, after the settlement with Morgan, and the exchange of notes, transferred the Talbot and Gibson note to Mrs. Mary Walker, who instituted suit on the same against Talbot and Gibson as principals, and Wm. J. Morgan as indorser, and that Morgan had compromised with Mrs. Walker, by paying her $600 for the Talbot and Gibson note. This was done before the transfer of the note sued on to J. M. Phillips, the appellee. The cause was twice submitted to a jury, and verdict and judgment were each time rendered for the plaintiff, and from the last judgment the defendant has appealed.

We are of the opinion that the transfer of the Gibson and Talbot note, by the appellant, to Mrs. Walker, placed the same beyond the power and authority of him to collect or control; and that the settlement or payment of the note, to the satisfaction of the owner and holder of the same, was a sufficient cancellation of

the Talbot and Gibson note, and a sufficiently literal occurring of the contingency specified in the note sued on to render the latter due and payable; and that Morgan, or his indorsee, had a right to demand and enforce payment of the same, and therefore there was no error in the district court in entertaining cognizance and rendering judgment on the same.

The judgment is therefore affirmed.

AFFIRMED.